DA 11-0655

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 139N

BNSF RAILWAY COMPANY,

　　　　Plaintiff and Appellee,

　v.

ROBERT B. SHIPLEY,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DV 11-38
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Robert B. Shipley, self-represented, Miles City, Montana

　　　　For Appellee:

　　　　Mark D. Etchart, Chad E. Adams, Browning, Kaleczyc, Berry & Hoven, PC,
Helena, Montana

Submitted on Briefs:　June 19, 2012
Decided:　July 3, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Robert Shipley (Shipley) appeals the District Court's order granting summary judgment in favor of BNSF Railway Company (BNSF). We affirm.

¶3      BNSF leased commercial property in Miles City, Montana, to Shipley. The lease provided that either party could terminate the lease upon 30 days written notice. Shipley failed to pay rent to BNSF for a number of years. This failure by Shipley resulted in overdue rent payments of $17,700. BNSF notified Shipley on January 7, 2011, that the Lease Agreement would be cancelled and terminated in 30 days, effective on February 10, 2011.

¶4      The Lease Agreement also required that Shipley remove all improvements and personal property from the leased premises within the 30 days of the lease termination. Shipley failed to remove the items. BNSF provided Shipley with a 60 day extension to remove the items. Shipley again refused to remove the items. Shipley's refusal prompted BNSF to file a complaint to quiet title to the improvements and personal property, a declaratory judgment that BNSF had terminated the lease validly, trespass, unlawful detainer, and claim for reasonable rent. BNSF properly served Shipley on June 17, 2011. Shipley acknowledged that he owed $17,700 in rent.

¶5     BNSF moved for summary judgment on all claims against Shipley except trespass on August 4, 2011. Shipley filed a motion to vacate on August 19, 2011. The District Court scheduled a hearing for BNSF's summary judgment motion for September 26, 2011. Shipley then filed four motions with the court. The District Court issued an order indicating that these four motions would be heard at the same time as BNSF's motion for summary judgment on September 26, 2011. Shipley notified the court on September 20, 2011, that he would be unable to attend the hearing. The District Court proceeded to hold the hearing in Shipley's absence. The District Court granted BNSF's motion for summary judgment on all counts after the hearing.

¶6     Shipley sent a letter to the District Court on September 30, 2011, in which he explained his reasons for failing to appear at the summary judgment hearing. Shipley claimed that he was "overwhelmed just now," and that he was "restarting work at the pawn shop" and "installing a wood burning stove in my home." Shipley further clarified that he was starting a new business and "recruiting BIG TIME for it," and that he was planning to "sell roofing and siding all along the 262 miles of the Keystone XL pipeline crossing Montana." The District Court issued its memorandum and order granting BNSF's summary judgment and denying Shipley's various motions on October 5, 2011. Shipley appeals.

¶7     We review de novo a district court's grant of summary judgment. *Estate of Donald v. Kalispell Regional Medical Center,* 2011 MT 166, ¶ 16, 361 Mont. 179, 258 P.3d 395. Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Estate of Donald,* ¶ 16.

3

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that no genuine issue of material fact exists and that the District Court correctly granted summary judgment. Shipley does not dispute that he entered into a lease agreement with BNSF and that he failed to pay rent for an extended period. He further fails to dispute that the unpaid rent totals more than $17,000. Shipley has failed to present evidence sufficient to raise a factual question as to whether BNSF is the rightful property owner.

¶9    Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER